221 So.2d 677

**Adrian Victor SIDES**

v.

**Lois B. SIDES.**

**6 Div. 361.**

Supreme Court of Alabama.

April 3, 1969.

Tweedy & Beech, Jasper, for appellant.

Bevill & Jackson, Jasper, for appellee.

BLOODWORTH, Justice.

This case, originally assigned to another justice of this court, was reassigned to the writer on March 11, 1969.

Appellant, Adrian Victor Sides (complainant and cross-respondent below), appeals from a decree of the circuit court of Walker County, in equity, granting a divorce to appellee, Lois B. Sides (respondent and cross-complainant below).

Appellant filed his bill of complaint charging his wife, the appellee Lois B. Sides, with cruelty and seeking an absolute divorce, an equitable distribution of the personal property of the parties, a sale for division of real estate jointly owned by the parties and a reasonable attorney's fee. The trial court issued a temporary order restraining appellee from disposing of any of the joint properties of the parties.

The appellee filed an answer and cross-bill, praying for a divorce on the grounds of cruelty and adultery. She also prayed that she be awarded all of the property, real and personal, jointly held by the parties.

The court below rendered a final decree awarding appellee: A divorce for cruelty; the household furnishings, except for certain personal property awarded to appellant; two insurance policies of the value of $1,250; the home place (jointly owned by the parties) with a total value of $10,000; sixty acres of land in Fayette County (jointly owned by the parties) for which the parties paid $1,650; an attorney's fee of $1,250; and awarding each of the parties one-half of their deposits in joint accounts in savings and loan associations, viz: First Federal Savings & Loan Association of Jasper, Alabama, $2,700; Birmingham Federal Savings & Loan Association, Birmingham, Alabama, $5,300; First Federal Savings & Loan Association of Birmingham, Alabama, $6,500; Guaranty Savings &

Loan Association of Birmingham, Alabama, $8,900; City Federal Savings & Loan Association of Birmingham, Alabama, $3,320.

The trial judge found that the appellee was the sole owner of forty acres of real estate in Fayette County, Alabama, and that the court had no jurisdiction over this property since it was purchased in her name and as her sole property. The court also found that the appellee had other accounts in savings and loan associations and in banks in her own name, or in her own name jointly with her mother, and that these accounts were not a part of the property jointly owned by the parties and were not subject to the jurisdiction of the court.

The parties are about the same age. They were married May 24, 1951, and have no children. Prior to the time of their marriage the appellant was engaged in the trucking business. He had little cash funds. Subsequently, he was employed by Alabama By-Products Corporation at Maxine Mines as a miner, and continued in this employ to the time of the trial. When they married, the appellee was employed as a school teacher, and she has continued in this employment. Prior to marriage, she had accumulated savings of approximately $4,000 and owned her own household furnishings. The court below found that the appellee was the party responsible for the considerable savings and real estate accumulated by the parties during their marriage.

Appellant raises thirty-nine assignments of error on this appeal. Assignments of error 6, 8, 9, 10, 12, 15, 16 and 17 are argued under Proposition of Law No. I. These assignments charge error in rendering the decree, in awarding appellee the home place, in awarding appellee the land in Fayette County, in the distribution of savings and loan funds, in decreeing that certain accounts and lands belonged to the appellee personally and were not subject to distribution.

In substance, what the appellant is complaining about is that the trial court awarded the appellee too much property, and did not consider in the award certain property in the appellee's own name which appellant contends should have been considered in the award, but which the court refused to consider on the ground that such was the separate property of the wife.

We think the evidence supports the trial court's conclusion that this property was properly excluded from the assets to be divided between the parties. The record discloses that the forty acres in Fayette County was purchased with money belonging to appellee, and that the property was conveyed to her alone. Property of the wife held by her previous to marriage, or to which she becomes entitled after marriage is her separate property. Title 34, § 65, Code of Alabama 1940, as last amended; American National Bank & Trust Co. v. Powell, 235 Ala. 236, 178 So. 21.

We note that when the separate accounts and property owned by the wife are disregarded, the award to the wife is a lump sum in lieu of alimony of about $7,275 being a one-half interest in the home place of the value of $5,000, one-half interest in the sixty acres of land in Fayette County which cost originally the sum of $1,650, household furnishings of about $200 in value, and insurance policies of $1,250. The sums of money on deposit in various savings and loan associations, which we have already set out, aggregate $26,720, which the court divided between the parties, $13,360 each.

No doubt, in making its award of property as lump sum alimony, the court considered the ages and respective situations of the parties, their employment, the duty the husband has to support his wife, that the appellee was a prudent person and the party really responsible for the accumulated savings and real estate owned by the parties, the nature of the case, the cause for which the divorce was granted, and who was the offending party. See, Ortman v. Ortman, 203 Ala. 167, 82 So. 417; Roubicek v. Roubicek, 246 Ala. 442, 21 So.2d 244; Butler v. Butler, 274 Ala. 352, 148 So.2d 638.

We have long said there is no fixed standard for determination of alimony, that it must depend upon many relevant factors, considered in the light of what is just and reasonable. Davis v. Davis, 274 Ala. 277, 147 So.2d 828, 1 A.L.R.3d 1. Although ordinarily it should vary from a third to a half of the husband's estate, where the husband is guilty of wanton or wicked conduct toward a wife, the allowance must be as liberal as his estate will permit, considering all the circumstances of the case, particularly the future prospects of the parties, their ages, sex, health and station in life, how long they were married, and the conduct of the parties with reference to the cause of the divorce. Davis v. Davis, supra; Phillips v. Phillips, 221 Ala. 455, 129 So. 3; Steiner v. Steiner, 254 Ala. 260, 48 So.2d 184; Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89.

"Upon the matter of permanent alimony for the wife, our present statutes (sections 31 and 32, Title 34, Code of 1940) leave much to the discretion of the trial court, but this discretion is judicial and not arbitrary, and is subject to review on appeal. Sharp v. Sharp, 230 Ala. 539, 161 So. 709; Thomas v. Thomas, 233 Ala. 416, 172 So. 282." Garlington v. Garlington, supra.

Considering all the factors above mentioned, we are not persuaded that the decree below should be reversed and remanded for a new trial on account of any of the assignments of error argued under Proposition of Law No. I. Notwithstanding, while we are always reluctant to modify an award of alimony in gross we feel the award here is excessive. We have already noted that the lump sum in lieu of alimony amounted to about $7,275. In view of the considerable separate estate of the wife and the inconsiderable estate left to the husband, we feel the award to the wife is excessive. We have said that the decree should not cripple a husband by compelling a sacrifice of his property. Leo v. Leo, 280 Ala. 9, 189 So.2d 558.

Therefore, we are of the opinion that the award to the wife, and the decree below, should be modified to award to the parties jointly the home place.

In his argument under Proposition of Law No. II, relating to assignments of error 8, 9, 10, 13, 14, 16 and 17, appellant complains of several of the same awards previously mentioned under Proposition of Law No. I, namely, the award of the land and the home place to appellee, and the failure to account as joint funds those accounts and real estate owned by the wife solely. We have already answered these contentions. In addition, appellant complains of the award to the appellee of the household furnishings, and certain life insurance policies. As we have already mentioned, the household furnishings (according to appellee) amounted to $200, and is fully supported by the evidence as a part of the award of lump sum alimony. Likewise, are the insurance policies.

Under Proposition of Law No. III, appellant argues assignment of error 7 that the appellee should not have been awarded a divorce on the grounds of cruelty, as it is not supported by the evidence. After a review of the evidence, we cannot say that the allegations of cruelty charged by the appellee in her cross-bill were not amply substantiated by the evidence. We find no error herein.

Under Proposition of Law No. IV, appellant complains of error on the part of the trial court in awarding attorney's fee, assignment of error 11. He says the award of $1,250 is contrary both to the law and the evidence. In Ryan v. Ryan, 267 Ala. 677, 104 So.2d 700, we stated that the allowance of attorney's fee is left to the judicial discretion of the trial court. We are unable to say, under the evidence in this case, that this award is excessive, or in error.

Under Proposition of Law No. V, appellant argues his assignment of error 17 that the trial court was in error in not taking into consideration the property held by the

**44**

appellee in her name only. We have already answered this assignment.

■ Under Proposition of Law No. VI, appellant argues assignments of error 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29 and 30, and asks that his argument be considered separately and severally. All of these assignments relate to alleged improper admission of evidence, or to the trial court's refusal to permit certain evidence to be introduced. We have examined each assignment, and find no merit in several of the assignments of error. Under our rule where several unrelated assignments of error are grouped and argued together in brief (as here) and one is found to be without merit, the court will not consider the others. Thornton v. Tutt, Ala., 214 So. 2d 425 [1]; Raphael Per L'Arte, Inc. v. Lee, 275 Ala. 307, 154 So.2d 663; Barrett v. Hanks, 275 Ala. 383, 155 So.2d 339. Therefore, we find no error herein. We might add that no cases were cited in brief to the effect that any of the alleged improper reception of evidence, or refusal to consider certain evidence, would constitute reversible error.

As we have already pointed out, we find no error in the record except that we consider a modification of the award of alimony in gross to be in order, since we consider the award under all the circumstances of this case to be excessive. We are always reluctant to reverse any part of a decree rendered in the court below where the evidence has been taken orally before the court but when we find from the evidence and under our decisions that the award is excessive, we see we have but one alternative.

Therefore, we find that the decree below should be reversed insofar as it awards the home place, jointly owned by the parties, to the appellee, and a decree is here rendered so modifying the award to the appellee, and in all other respects the decree below is affirmed; and in view of the prayer for relief filed by appellant praying for a sale for division of jointly owned real estate, this cause is remanded to the trial court for proceeding consonant with this decree, and particularly to determine, if necessary, the method of sale of the jointly owned properties of the parties.

Affirmed in part, reversed in part, rendered in part, and remanded.

SIMPSON, COLEMAN and HARWOOD, JJ., concur.