298 So.2d 254

**Alfred J. GAMBLE**

v.

**Ida Bernice GAMBLE.**

**Civ. 313, 313–X.**

Court of Civil Appeals of Alabama.

June 5, 1974.

Rehearing Denied June 28, 1974.

Ball, Ball, Matthews & Lamar, and Tabor R. Novak, Jr., Montgomery, for appellant and cross-appellee.

Cameron & Cameron, Montgomery, for appellee and cross-appellant.

HOLMES, Judge.

This case comes to us from the Circuit Court of Montgomery County, Alabama, Domestic Relations Division, on appeal by the appellant-husband and on cross appeal by the appellee-wife. Both parties are appealing a December 3, 1973, supplemental decree which followed a divorce decree entered on June 6, 1973.

The divorce decree divorced the parties on the ground of incompatibility of temperament, awarded temporary alimony, provided for custody, visitation rights, and temporary support for the minor child born of the union.

The court, in the June 6th decree, also made a partial settlement of personal property, and expressly reserved jurisdiction with regard to alimony and a division of the properties of the parties pending sale of the family home. The court later found that no acceptable offer had been made for the home and entered its December 3, 1973, supplemental decree.

The supplemental decree provided as follows:

1. The wife was given the family home which was valued by the court at $260,000, and the husband was ordered to continue making the mortgage payments on the home as they became due. These payments were approximately $7,200 annually.

2. The court awarded to the wife her husband's one-half interest in a mortgage on property on Narrow Lane Court and on lake property. The court also directed the husband to convey to the wife some $6,540 worth of certain stocks or the cash equivalent thereof.

3. The court directed that the wife receive all the household furniture, fixtures, and appliances in the home with the exception of certain articles enumerated in the decree. Additionally, the husband was to receive those personal things that came to him as a gift from his family, plus a pickup truck, tractor, and attachments.

4. Custody of the minor child was awarded to the wife. The husband was given visitation rights and also ordered to pay $100 per month as child support and tuition at Montgomery Academy or other such private school.

5. The husband was ordered to pay $1,000 per month as periodic alimony.

6. The husband was ordered to pay wife's attorney fee of $8,000.

7. The court ordered the husband and wife to each pay $2,000 of the $4,000 commissioner's fee for services of the commissioner in attempting to secure a buyer for the house.

8. Court costs were taxed to the husband.

From the above mentioned supplemental decree appellant-husband appeals and appellee-wife cross appeals.

Tendencies of the evidence reveal the following:

Husband and wife were married on April 22, 1962, each having had one child from a previous marriage. The parties had one child by their April 1962 marriage, who was nine years old at the time of the divorce proceedings.

The parties testified regarding their marital problems and to short periods of separation ranging from one day to approximately one month. Testimony also showed that the husband had been seeing and having sexual relations with another woman, which resulted in several arguments and confrontations between the parties. To this court, further discussion of this aspect of the case is unnecessary and unwarranted.

There was extensive testimony concerning the assets and liabilities of the parties. By appellant-husband's calculations, his total assets were $1,964,146.60 and his total liabilities were $665,707.90, and a net worth of $1,298,438.70. Cross appellant-wife's computations show husband's total assets as $1,896,451.00, total liabilities as $619,000, and a net worth of $1,277,451. The husband's 1972 income tax return showed his gross income to be $134,009.20, and he testified his 1973 gross income would be approximately $108,000.

Testimony showed the wife's assets to be approximately $140,000. This figure includes her one-half interest in the home, which was worth at least $210,000 (that being the price a buyer had offered); her one-half interest in the Narrow Lane Court mortgage worth $11,200; Texas Transmission stock worth $3,000; and various stocks and savings accounts worth $23,000. Wife's income from her assets was shown to be $2,800 per year.

Further testimony showed the wife claimed monthly needs of approximately $2,000. This amount included average household expenses (excluding the mortgage payment), medical expenses, food, automobile, clothing, and miscellaneous.

Appellant-husband assigns as error the lower court's division of property and cites as error the award of the home to the wife; the order that husband continue making mortgage payments on the home; the award of husband's interest in the mortgage on property on Narrow Lane Court to the wife; the award of husband's mortgage on "Lake Property" to the wife; and the award of certain stocks or their cash equivalent to the wife. The husband also urges error in the lower court's order that husband pay $1,000 per month periodic alimony; that husband pay a fee for wife's attorney of $8,000; that husband pay the commissioner $2,000 of the $4,000 sum set by the court as a fee; and, finally, that the lower court erred in denying appellant-husband's motion to take additional testimony.

In accord with the above assignments of error, appellant-husband contends that the lower court erred in that it awarded both alimony in gross and periodic alimony to the wife. We cannot agree.

To this court, the trial court simply made a division of the properties of the parties and awarded certain properties to the wife along with the order of $1,000 per month periodic alimony. We particularly note the trial court clearly indicated in its decree that it had made a division of properties rather than making an award of alimony in gross. In this instance, this division of property does not constitute alimony in gross. Alimony in gross is intended as a final termination of rights resulting from the marriage, not only as to the wife's inchoate rights in the husband's estate, but also to any future support from him. See Welch v. Welch, 49 Ala.App. 647, 275 So.2d 162. In this instance, the court simply divided certain of the properties which the parties had accumulated, which is entirely proper. See Allen v. Allen, 49 Ala.App. 200, 269 So.2d 914.

■ We cannot say, in the case at bar, that the trial court was clearly and palpably wrong in the division of the property. This is said in view of the strong presumptions of correctness which we accord to the lower court since it heard the testimony *ore tenus*. See: Powell v. Powell, 285 Ala. 230, 231 So.2d 103; Bonds v. Bonds, 234 Ala. 522, 175 So. 561; Body v. Body, 47 Ala.App. 443, 256 So.2d 184; and Horsley v. Horsley, 50 Ala.App. 445, 280 So.2d 150. We say this upon reflection that the court left the business assets of Trinity Industries stock ($1,257,024) and the partnership interest in Woodland Hills Trailer Park ($354,767.90) intact and left it for the husband. As for the personal assets, the husband was allowed to keep approximately $5,000 cash; $20,000 cash value of life insurance policy; and an auto tractor and trailer worth approximately $13,500. The wife was awarded the full interest in the home worth at least $210,000; the Narrow Lane Court mortgage worth approximately $26,000; the "Lake Property" mortgage worth $20,000; and miscellaneous stocks worth $6,540. We might point out that of the total assets awarded to the wife, the family home, which is

worth at least $210,000, is the substantial part of her awards. Additionally, we cannot find error here since the wife was awarded custody of the child, and especially in view of the duty of the trial court to provide to the mother for the comfort and maintenance of the children. See Hardy v. Hardy, 46 Ala.App. 253, 240 So.2d 601.

■ As regards the $1,000 per month periodic alimony which the lower court ordered the husband to pay, we cannot say this is error. It is clear that the court has the power to award alimony upon proper grounds. Horsley v. Horsley, *supra*. Furthermore, the award of alimony by the lower court is largely discretionary with the trial court and must not be arbitrary. Hewitt v. Hewitt, 285 Ala. 516, 234 So.2d 283; Sides v. Sides, 284 Ala. 39, 221 So.2d 677.

Applying the above mentioned presumptions of correctness to the evidence in this case, especially as to total assets and current income, we do not find clear and palpable error in the lower court's division of the property, nor do we feel the award of alimony was an abuse of discretion.

■ Counsel for appellant has ably tendered the argument that the Alabama statutes which authorize a court to award alimony or property to the wife violate the rights of husbands as a class under the Fourteenth Amendment to the Constitution of the United States and, therefore, should be stricken and declared unconstitutional. Appellant raises this question for the first time on appeal and urges that since the jurisdiction of the court to award alimony is statutory and limited, the constitutionality of the statute can be raised on appeal. Appellant cites State v. Burke, 175 Ala. 561, 57 So. 870, as authority for this proposition. As we interpret the meaning of "jurisdiction" in that case and in the sense it is used, it means the *general* jurisdiction of the subject matter and the parties, not, such as in this instance, the *specific* provision for the awarding of alimony.

As a result, we cannot consider appellant's argument as to the question of the constitutionality of the statutes. To accept appellant's contention would, in effect, make meaningless the well recognized principle of law that constitutional questions will not be considered for the first time on appeal. That is to say, that if appellant's view is accepted, the constitutionality of virtually any statute could be raised for the first time on appeal, by simply asserting that without the benefit of the particular statute involved the court lacked jurisdiction to do, or in part do, what it did, since the statute is the court's authority to take said action.

Alabama law is well settled that constitutional questions not raised in the court below will not be considered for the first time on appeal. Howard v. Pike, 290 Ala. 213, 275 So.2d 645; Bryce Hospital Credit Union, Inc. v. Warrior Dodge, Inc., 50 Ala.App. 15, 276 So.2d 602. See also 2 Ala.Dig., Appeal and Error, ☞170(2), and cases cited therein.

■■■ Appellant-husband additionally contends that the award by the lower court in its totality was punitive, and that the legislature in 1971, in enacting incompatibility as a ground for divorce, effectively emasculated Ala.Code (1940), Tit. 34, §§ 32, 33, which permit the court to award punitive alimony for the husband's misconduct or deny it for the wife's misconduct. Appellant states that incompatibility is a concept of no fault divorce and therefore no award of alimony can be made on a punitive basis. Appellant-husband further states that irrespective of whether Alabama divorce law is based on "fault," the evidence in the case does not justify the imposition of a punitive allowance.

We cannot agree and refer appellant to Phillips v. Phillips, 49 Ala.App. 514, 274 So.2d 71. It is clear from a reading of Phillips, supra, that fault is not a consideration as to the ground of divorce, rather, it should recede into the background and be superseded by inquiry into suitability of spouses for each other as shown by the reality of their married life. It is also clear that either spouse may secure a divorce on the ground of incompatibility without proving that the other spouse was in any way guilty of misconduct. If this incompatibility is established by the evidence, the court may grant a divorce without any specific determination as to "fault" of the parties as we traditionally consider it.

We note, however, that Phillips, supra, has not prohibited the trial court from considering fault as it may be pertinent in determining a proper award of alimony. As we stated in Phillips, in discussing alimony where the ground of divorce was incompatibility, we held:

"While there is no fixed standard for determination of alimony, it must depend upon many relevant factors, considered in light of what is just and reasonable. Sides v. Sides, supra; Davis v. Davis, 274 Ala. 277, 147 So.2d 828, 1 A.L.R.3d 1. Relevant factors are future prospects of the parties; their ages, sex, health and station in life; how long they were married; and in appropriate cases, the conduct of the parties with reference to the cause of the divorce." (49 Ala.App. at 523, 274 So.2d at 79)

Therefore, in this instance, we can perceive of no reason why the lower court could not properly consider all aspects of the case in its determination of the amount of alimony.

We, however, particularly note that we cannot determine from the record that the court made an award of what might be described as punitive alimony under Tit. 34, § 32, and may well have arrived at its conclusion only considering Tit. 34, § 31. Put another way, the award itself does not to this court indicate that it was based upon consideration of Tit. 34, § 32.

■■■ Appellant-husband's assignment of error 7 asserts the lower court erred in

ordering appellant to pay cross appellant-wife's attorney fee of $8,000, stating the evidence is clear that the wife had adequate funds to pay her own attorney's fees.

The law in Alabama is clear to the effect that an allowance of an attorney's fee rests in the sound judicial discretion of the trial court, who must consider, among other things, the earning capacities of the parties, Hewitt v. Hewitt, *supra;* Hodson v. Hodson, 276 Ala. 227, 160 So.2d 637, and the financial circumstances of the husband as shown by the record. Evans v. Evans, 278 Ala. 573, 179 So.2d 320. In this instance, and upon consideration of all the relevant aspects involved, we cannot say the trial court abused its discretion in awarding wife's attorney an $8,000 attorney fee and taxing it to the husband.

 Appellant complains in brief without citing any authority and again on oral argument that the trial court erred in denying appellant's motion to take additional testimony before the rendition the trial court's final decree. In view of this assignment, we note the trial court had already completed an extended hearing, and that the right to admit additional testimony after close of the evidence is within the discretion of the court. Brooks v. Cox, 285 Ala. 267, 231 So.2d 302. See also 18A Ala.Dig., Trial ☞68. We cannot say the lower court abused its discretion in the instant case. We further note that the failure to substantially argue assignments of error in brief is a waiver of the said argument. Ala.Code (1940) Supreme Court Rule 9.

Appellant urges error in the lower court's ordering appellant to pay $2,000 commissioner's fee. Applying the presumptions of correctness accorded to the judgment of a lower court after a hearing *ore tenus,* we cannot say the evidence shows the trial court was clearly and palpably wrong in this regard.

## CROSS APPEAL

 Cross appellant-wife asserts the lower court erred by failing to award a reasonable sum as alimony-in-gross; by failing to award a reasonable sum as alimony; by failing to award cross-appellant's attorney a reasonable fee for his services in the trial below; and, finally, urges error in ordering cross-appellant to pay a $2,000 commissioner's fee.

As to assignment of error 1, that the lower court erred in failing to award reasonable sums in the division of property and periodic alimony, we refer to the previous portion of our opinion dealing with similar charges by the appellant-husband, and we reiterate that we view the trial court's action as a division of properties of the parties, which we cannot say is clearly and palpably wrong, and that the lower court fixed the sum of $1,000 per month as periodic alimony, which was a proper exercise of judicial discretion that we cannot hold to be arbitrary in view of the circumstances of the instant case. See Horsley v. Horsley, *supra;* Hewitt v. Hewitt, *supra;* Sides v. Sides, *supra;* Powell v. Powell, *supra;* Body v. Body, *supra.*

Cross-appellant's assignment of error 3, that a reasonable fee was not awarded her attorney, is without merit. An allowance for attorney's fee rests in the sound judicial discretion of the trial court and we cannot say the $8,000 fee awarded was unreasonable nor that it was inadequate and an abuse of discretion by the trial court. Hewitt v. Hewitt, *supra;* Hodson v. Hodson, *supra.*

Nor can we find clear and palpable error in the evidence that the trial court erred in ordering cross-appellant to pay $2,000 of the $4,000 commissioner's fee.

Counsel for the wife has requested an attorney's fee for his representation of the wife on this appeal. Considering all relevant factors, this request is denied.

All proper assignments of error of both appellant and cross-appellant having been

considered, the judgment is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.