This is a divorce case.
The only issue substantially argued on appeal by the appellant-husband is that the trial court abused its discretion in the award of alimony and division of property. We find no such abuse and affirm.
Viewing the trial court's decree with the attendant presumption of correctness, the record reveals the following pertinent facts: The parties were married in 1972 and divorced *Page 174 
in 1976. No children were born of the union. The husband held a civil service job, making over $9,000 a year. In addition to his employment he received over $8,500 a year disability retirement from the United States Navy. The retirement pay was non-taxable. The evidence further revealed that during the marriage, the husband attended school for which he received from the United States Government in excess of $300 per month. Additionally, the husband had approximately $9,000 in various bank accounts and owned various stocks of an undetermined value.
The wife owned two lots of a total value of approximately $5,500. In addition, a minor child of the wife by a former marriage had a bank account of approximately $6,000. The wife testified that the child's bank account was in large measure accumulated from gifts to the child from the child's grandparents.
In addition to the above, the parties during marriage or immediately prior thereto acquired a home. The purchase price was $25,000 and there remained a balance on the mortgage of over $20,000. Additionally, during the marriage, the parties acquired four acres of land near Enterprise. The value of this land is approximately $6,000. Various automobiles and personal property were also acquired.
The evidence shows the wife was not regularly employed during the marriage, nor does she have any special training or skill. She was, however, attending school to learn a trade. Furthermore, the wife is of foreign birth and has some minor health problems.
The wife's testimony, which in large measure was contradicted by the husband, showed the marriage to have been a "stormy one." Specifically, she testified that immediately prior to the divorce the husband had hit and choked her and otherwise physically abused her.
After the ore tenus hearing, the learned trial judge entered a decree of divorce, dissolving the bonds of matrimony on the ground of incompatibility of temperament. Each was awarded an automobile. The husband was awarded various personal property and the four acres of land. The wife was awarded the home with the responsibility for paying the mortgage. The husband was allowed to retain his bank accounts and stock and the wife was allowed to retain the two lots mentioned above. A tax refund of approximately $1,200 was equally divided.
In addition, the husband was ordered to pay to the wife $250 per month as alimony until the wife remarries or "until future orders of the court." Counsel for the appellant during oral argument of this case informed this court that the wife has remarried since this appeal.
From the above decree, as noted earlier, the husband appeals.
As this court has stated on numerous occasions, a division of property does not have to be equal but one which is graduated to the nature of the case. Griffin v. Griffin, Ala.Civ.App.,338 So.2d 416 (1976).
Furthermore, a division of property is within the sound discretion of the trial court and the exercise of such discretion is reversible only for determination of palpable error and abuse. Hallman v. Hallman, 51 Ala. App. 460,286 So.2d 863 (1973). We find no such palpable error or abuse in this instance regarding the division of property.
In determining the amount of alimony to be awarded, the trial court may properly consider the earning ability of the parties, their future prospects, their ages, sex and station in life, the duration of their marriage, and the conduct of the parties relative to the cause of the divorce. Segars v. Segars, Ala.Civ.App., 334 So.2d 684 (1976). We would specifically note that the factors enumerated may be considered where the ground of divorce is incompatibility of temperament. See Gamble v.Gamble, 53 Ala. App. 168, 298 So.2d 254, cert. denied, 292 Ala. 721, 298 So.2d 260 (1974).
The amount of alimony is a matter addressed to the trial court's discretion and will not be reversed on appeal in the *Page 175 
absence of abuse. Eubanks v. Eubanks, 52 Ala. App. 224,291 So.2d 159 (1974). Considering the factors as stated in Segars,supra, we find no such abuse. While the learned trial judge's decree might not be what this court would have done, it is not our function to substitute our judgment for that of the trial judge. Sutton v. Sutton, 55 Ala. App. 254, 314 So.2d 707 (1975). We therefore find no reversible error in the award of alimony.
The appellant-husband in the "Summary" portion of his brief makes the following statement:
 "Furthermore, the award of alimony to the wife based only on the fact of marriage is unconstitutional as a denial of equal protection to the husband under the 14th amendment to the constitution. . . ."
This is the only reference to this issue. This issue was not raised in the trial court.
It has long been the law in this state that constitutional questions not raised in the court below will not be considered for the first time on appeal. See Gamble v. Gamble, supra;
2 Ala. Digest Appeal Error 170 (2). Appellant's contention thus cannot be treated by this court. However, we note that on March 16, 1977, in Orr v. Orr, Civ. 1006, this court held Alabama's alimony statutes to be constitutional.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.