BRADLEY, Judge.
This appeal is from that aspect of a divorce decree awarding the wife a one-third interest in a house and lot owned by the husband and awarding to the wife’s counsel an attorney’s fee of $900 for services rendered.
The parties to this proceeding were divorced on September 8, 1976 from their common-law marriage by the Morgan County Court for incompatibility of temperament and irretrievable breakdown of the marriage. Custody of the parties’ two minor children was given to the wife. The husband was ordered to pay to the wife $60 per week as child support, $250.00 to aid in the satisfaction of certain indebtedness incurred by the wife, and $900 for her attorney’s fee. Additionally the wife was awarded an undivided one-third interest in the house and lot owned by the husband with the condition that she reconvey that interest to the husband upon his tender of $6,000 within one year from the date of the decree. The husband’s motion for new trial was overruled and he appeals to this court. Pending the appeal a supersedeas bond was filed by the husband to stay execution by the wife on the judgment.
The parties married in 1962 while in late adolescence and divorced in 1969. During their first marriage two children were born, a boy and a girl. In July 1971 the parties entered a common-law matrimonial relationship which lasted until November 1974 when the husband was employed in Puerto Rico. He worked in Puerto Rico until June 1975. The wife and children remained in the United States. The husband regularly sent money for his family’s support until December 1974; thereafter, the payments became sporadic. The wife also worked to contribute to the children’s support.
By the time the husband left Alabama for Puerto Rico the parties’ relationship had again deteriorated and they had decided to permanently separate. Ignorant of their legal status as husband and wife, they agreed to simply reinstate the divorce decree of 1969. During the time the husband was in Puerto Rico, the wife established a relationship with another man and the husband entered into a ceremonial marriage with another woman. Upon the husband’s return from Puerto Rico and after the wife’s consultation with an attorney, the present action was initiated.
The first alleged error argued by the husband is the trial court’s award to the wife of an undivided one-third interest in the house and lot where the parties lived prior to their separation.
The lot upon which the house in question was built was given to the parties during their first marriage by the husband’s father. Both husband and wife participated in the construction of the house, and, as a consequence, they borrowed only a small amount of money to complete it. However after it was damaged by a tornado in April 1974, the house was rebuilt and enlarged, so that its worth at the time of trial was estimated to be between $30,000 and $60,-000. The wife was divested of her interest in the house and lot by the 1969 divorce decree; thus the husband is the sole owner of this property. The wife testified that she wants no interest in the realty for herself but she does want the children to have some permanent interest in it.
With regard to the parties’ financial status, the husband is a pipe fitter and currently nets $232 per week. He owes about $12,000 on the house, which will be paid off in 1982, and approximately $250 on another debt, which will be paid in five months. His other weekly expenses amount to about $150.00.
The wife earns $81.00 per week. She owns the 1969 trailer in which she and the children live and which was given to her in the 1969 divorce decree. She also has by consent of the husband a 1974 trailer on which she has assumed the mortgage obligation and which she rents. When the trailer is empty, the wife must absorb the full amount of the mortgage payment and the rental payment.
In Hendrix v. Hendrix, 56 Ala.App. 178, 180, 320 So.2d 684, 686, cert. den., 294 Ala. 758, 320 So.2d 687 (1975), we said:
*972 . . where the evidence in a divorce case is heard ore terns by the trial court its findings are presumed correct and will not be overturned without a showing of an abuse of discretion, and this rule has particular application as regards an award of alimony. Chancellor v. Chancellor, 52 Ala.App. 10, 288 So.2d 794.
“In this case we cannot determine whether the award to the wife is an award of alimony in gross or a property division, but under the authority of Eubanks v. Eubanks, 52 Ala.App. 224, 291 So.2d 159, we are not required to make such a determination.
“In either event the award must depend upon the facts and no mathematical formula can determine what is an appropriate award. However, certain cases indicate that an allowance to the wife of from one-third to one-half of the husband’s estate can be sustained, depending upon the circumstances.”
In the case at bar the court awarded the wife either a one-third interest in the house owned by the husband or $6,000. The house had an estimated value of between $30,000 and $60,000. Thus, whether the award be considered a property division or an award of alimony in gross, the most the husband is required to give the wife is a one-third interest in his property. Such an award is certainly within the acceptable limits of an allowance for a wife. Furthermore, at the husband’s option he can pay the $6,000 cash, which is one-fifth to one-tenth the total value of the house. We find no detriment to the husband on the part of the trial court here.
The other issue raised by the husband is that the trial court erred in requiring him to pay $900 of the wife’s attorney’s fee.
In Gamble v. Gamble, 53 Ala.App. 168, 174, 298 So.2d 254, 258-59, cert. den., 292 Ala. 721, 298 So.2d 260 (1974), we said:
“The law in Alabama is clear to the effect that an allowance of an attorney’s fee rests in the sound judicial discretion of the trial court, who must consider, among other things, the earning capacities of the parties, Hewitt v. Hewitt [285 Ala. 516, 234 So.2d 283]; Hodson v. Hodson, 276 Ala. 227, 160 So.2d 637, and the financial circumstances of the husband as shown by the record. Evans v. Evans, 278 Ala. 573, 179 So.2d 320.”
At the end of the trial below, the wife’s attorney requested the court to award to his client an attorney’s fee. He then filed with the trial court an itemized statement of the services rendered to the wife in this matter and the affidavit of another attorney practicing before that court stating that a reasonable fee for the services rendered the wife was $1,000. Based on the evidence presented to the court by the parties as to their respective financial circumstances and earning capacities and the reasonable value of the services rendered as set out in the affidavit supplied to the court, we cannot say that the trial court abused its discretion in requiring the husband to pay $900 toward the wife’s attorney’s fee.
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES, J., and PAUL, Retired Circuit Judge, sitting by special appointment, concur.