WRIGHT, Presiding Judge.
This is a divorce case. The only issue is whether there was error in the award of alimony. We find no error and affirm the judgment below.
The record disclosed that the husband brought the action for divorce on the ground of incompatibility. The court heard evidence ore tenus and entered judgment for divorce. Among other matters, the judgment awarded to the wife $500 a month as alimony. Plaintiff’s motion for a new trial was granted and additional testimony was taken upon the issue of the ability of the husband to pay alimony.
The evidence tended to show that for several years prior to 1978, plaintiff’s income from his employment, investments and pension had approximated $17,000 to $18,000 annually. In 1978, his income diminished to just over $12,000; however, he was a partner in a new business which had begun to show a profit in 1979. The wife was unemployed though she had worked at various jobs in prior years. The divorce will terminate her right to government-furnished medical and hospital services.
The court by its last judgment awarded her $400 per month alimony. We find no abuse of discretion in the award of alimony and thus cannot reverse. Gamble v. Gamble, 53 Ala.App. 168, 298 So.2d 254, cert. denied, 292 Ala. 721, 298 So.2d 260 (1974). The husband contends error upon the authority of our decision in Goodwin v. Goodwin, 364 So.2d 678 (Ala.App.1978). That case is easily distinguishable upon its facts and is not authority requiring reversal in this case.
Appellant for the first time on appeal injects the issue of constitutionality of the divorce statute and cites Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979). We see no point in revisiting Orr. We have already done that by our decision on remand. We stand on that decision. Orr v. Orr, 351 So.2d 904 (Ala.Civ.App.), cert. quashed, 351 So.2d 906 (Ala.1977), rev’d, - U.S. -, 99 S.Ct. 1102, 59 L.Ed.2d 306, aff’d on remand, 374 So.2d 895 (Ala.Civ.App.), cert. denied, 374 So.2d 898 (Ala.1979).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.