WRIGHT, Presiding Judge.
This is a case of construction of the alimony and child support provisions of a judgment of divorce. We affirm the judgment of the trial court.
The pertinent facts are: The parties were divorced in 1973. The judgment recited that the parties had agreed as to custody of the children, their support and a property settlement. It further recited that the agreement was considered reasonable and to the best interest of the parties. It was therefore entered as the judgment of the court. A part of the judgment was that the defendant husband was to pay plaintiff the sum of $175 per week as child support for five children. The amount was to be reduced by $15 per week as each child ceased to be dependent. When all ceased to be dependent, defendant would thereafter pay $100 per week as alimony. “Dependent child” was defined in the judgment as unmarried, under twenty-one years of age and not in college, or had completed a four-year college education.
In 1979, when the father brought the present petition, one of the children, Amanda, had reached the age of eighteen. She lived in Mobile, was attending a business college and was employed. The father contended that Amanda was no longer dependent and had not been so since she became employed. The trial court found to the contrary. This court agrees with that finding. The term “dependent child” as heretofore shown was defined by the parties and entered by the court in its judgment for divorce. None of the facts contended by petitioner disqualifies Amanda as a dependent child.
 Petitioner next contends that the trial court incorrectly found the weekly payment of $175 ordered in the original judgment to be all child support. His argument is that the provision for reduction of the weekly payment by $15 as each child ceased being dependent meant that the amount of support per child was $15 per week and the remaining amount of $100 was in fact alimony. We disagree.
The words of the judgment control. It states that “the defendant is to pay to the petitioner the sum of one hundred and seventy-five ($175.00) dollars per week as child support. . . . ” It further provides inter alia that when all five of the children cease being dependents, all child support payments shall cease and the defendant shall thereafter pay to the petitioner $100 per week as alimony. It also provides that in the event of the remarriage of the petitioner before all of the children cease to be “dependent children” as hereinabove defined, “the child support payments shall automatically be reduced by $100 per week; . ” (emphasis ours). In view of the clear words of the judgment, this court finds the judgment of the trial court eminently correct. The fact that the parties may have been filing income tax returns as though $100 of the weekly payments made while there were dependent children was alimony does not alter the plain provision of the judgment.
We find in the record no such rulings by the court as those stated in appellant’s issues III and IV. We therefore do not write to them.
Appellant’s last issue is stated to be a constitutional one. He contends that the oral agreement which was incorporated in the judgment was entered into by him because of the coercion provided by the alimony statutes. His conclusion is that since those statutes have since been determined unconstitutional in the decision of Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), his agreement is void.
The contention, if nothing else, is original. Our response is far from original, and is merely that even if meritorious, the contention comes too late. The time for presenting constitutional issues was in 1973 *1138 before his agreement was accepted by the court and judgment entered thereon. Gamble v. Gamble, 53 Ala.App. 168, 298 So.2d 254 (1974), cert. denied 292 Ala. 721, 298 So.2d 260 (1974). In any event, though judgment requiring ultimate payment of alimony to the wife was entered in 1973, the conditions for such payment were never satisfied and none has been in fact paid. The record indicates that conditions from which such obligation could arise can never be satisfied, for the wife has already remarried. The matter of the award of alimony, past or future, is therefore moot.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.