This is a divorce case.
The Montgomery County Circuit Court, after an ore tenus
hearing, divorced the parties and incorporated in part and amended in part a separation agreement drawn up by the husband and wife prior to the divorce. The trial court awarded the wife $650 per month in periodic alimony, plus title to the family home.
The husband through able counsel appeals, contending the trial court erred in amending the separation agreement; in granting the wife periodic alimony; and in awarding her attorney's fees. We find no abuse, and affirm.
The record viewed with the attendant presumptions reveals the following facts.
The husband and wife had been married twenty-nine years. They have two grown children. She is fifty-one, he is forty-seven years old. The husband is the sole stockholder in an ambulance company which operates both in Montgomery and Tuscaloosa. The wife is unemployed.
Prior to filing for divorce, the parties entered a separation agreement in anticipation of divorce. By the terms of that agreement, the wife would receive the family home plus the sum of $50,000 as alimony in gross to be paid in monthly installments over a period of eight years.
The husband filed for the divorce, asking that the court incorporate the separation agreement into the divorce decree. In her answer, the wife admitted entering into the agreement but said she was without counsel at the time and was not sure she had had access to her husband's financial circumstances. In her answer she asked the trial court to grant her sufficient time to discover her husband's financial situation.
In her counterclaim for divorce, she stated she entered the agreement without her husband's full disclosure of his holdings and assets, and that she "may have entered into said agreement without sufficient information to protect her interests under the law. . . ."
In her prayer for relief, the wife asked if she discovered her interests had not been adequately protected that the trial court set the agreement aside and enter its own decision concerning property settlements and alimony and support for her.
In the final decree of divorce, the trial court after "a long and arduous process of discovery" to determine the husband's financial situation and an ore tenus hearing amended the agreement to provide the wife with $650 per month until death or remarriage. The trial judge also awarded $1,500 in attorney's fees to the wife. The remainder *Page 301 
of the agreement, including the transference of title of the home to the wife, was incorporated into the decree. From this decree, as indicated, the husband appeals.
 I
The husband first argues that the separation agreement entered into by the parties should have been approved in its entirety by the trial court. This court in previously addressing this same argument via our Presiding Judge Wright held:
 "The first issue is whether the separation agreement in contemplation of divorce is binding upon the court in entering its judgment in an action for divorce between the parties thereto.
 "The answer to the issue is `No.' The matter of alimony allowance in favor of the wife is a matter addressed to the discretion of the court. . . . The court is not bound by agreement of the parties, but may adopt or reject such parts of it as it may deem proper from the situation of the parties as shown by the evidence."
Baumler v. Baumler, 368 So.2d 864, 865 (Ala.Civ.App. 1979).
The trial court in the instant case after hearing the evidence ore tenus determined that the agreement should be amended to grant the wife periodic alimony until her death or remarriage. Such a finding was a proper exercise of discretion, and we affirm.
 II
The husband next contends the trial court abused its discretion in awarding alimony to the wife.
In a divorce proceeding, the trial court may in its discretion award periodic alimony and this exercise of the trial court's discretion will not be reversed except for palpable abuse thereof. E.g., Rich v. Rich, 402 So.2d 997 (Ala. 1981); Rose v. Rose, 395 So.2d 1038 (Ala.Civ.App. 1981).
In this case the wife is fifty-one years old, unemployed, with no marketable skills, a back injury, and a high school diploma. She was married to the husband for twenty-nine years. The husband, by his testimony, has a yearly salary from his corporation of $26,000, plus other assets. In light of the wife's lack of job skills, her age and health, the duration of the marriage, the husband's means and other factors not mentioned, we find no abuse of discretion, and affirm the award of periodic alimony.
 III
The husband next contends the trial court erred in awarding an attorney's fee to the wife's attorney in view of language in the separation agreement. The pertinent part of the agreement reads: "Husband shall pay all Court costs incurred as a result of any divorce action filed or to be filed, which costs shall not include attorney's fees."
With the exception of the alimony provisions, the trial court incorporated "all other provisions of the original separation agreement" into the final decree. But the trial court's order for the husband to pay $1,500 in attorney's fee is not in conflict with the above quoted section. We have often held that "[d]ivorce decrees are to be construed like other written instruments and if there is any uncertainty and ambiguity the court must construe it so as to express the intent of the parties. . . . Such intent can be derived from the provisions of the judgment." Scott v. Scott, 401 So.2d 92, 95
(Ala.Civ.App. 1981).
In this case, the trial court apparently construed the provision as not prohibiting an award of attorney's fees, but only that the attorney's fees were not to be considered payable as court costs of the proceeding. Such a construction is a reasonable reading of the parties' intent.
Furthermore, an award of attorney's fee rests in the sound discretion of the trial court who must consider among other factors the earning capacity of the parties and the financial circumstances of the husband. Gamble v. Gamble, 53 Ala. App. 168, 298 So.2d 254, cert. denied, 292 Ala. 721, 298 So.2d 260
(1974). The determination of the *Page 302 
amount of attorney's fees is within the sound discretion of the trial judge. Killingsworth v. Killingsworth, 284 Ala. 524,226 So.2d 308 (1969).
In light of the wife's claim that she was without the resources to pay her attorney, and that testimony was heard that the wife's attorney's rates were "quite reasonable," we cannot say the trial judge abused his discretion, and therefore affirm.
The wife has requested an award of reasonable attorney's fees for defending this appeal. We consider $500 to be a reasonable attorney's fee and award her that amount.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 759