William Brent Bush and Mary Loyd Bush were divorced in February 1995. The divorce judgment incorporated an agreement of the parties. That agreement provided, in pertinent part, that the husband would pay the wife $2,750 in monthly periodic alimony for four years and that, for as long as he was paying periodic alimony, the husband would maintain a $250,000 life insurance policy on himself with the wife as the beneficiary.
In January 1999, the wife filed a petition requesting that the trial court modify the periodic-alimony provision so that she would receive $2,750 per month until she died or remarried and requesting that the court extend the husband's obligation to maintain the life insurance policy until she died or remarried. The wife also asked that the husband be required to pay her attorney fees incurred in regard to her petition. Following the presentation of ore tenus evidence, the trial court ordered the husband to pay the wife $2,000 monthly periodic alimony until she dies or remarries. The husband filed a postjudgment motion, arguing that the trial court had erred by removing the four-year limit on his periodic-alimony obligation. The wife filed a postjudgment motion, arguing that the trial court had erred by not extending the husband's obligation to maintain the life insurance policy and by not awarding her attorney fees. The court denied those postjudgment motions. The husband appeals, and the wife cross-appeals.
The husband argues that the trial court erred by modifying his periodic-alimony obligation from a four-year period to until the wife dies or remarries. He argues that the wife failed to show a material change in circumstances that would justify the extension of his periodic-alimony obligation. Periodic alimony is a matter resting within the sound discretion of the trial court, and its judgment regarding alimony is presumed correct and will not be reversed absent a showing of an abuse of discretion. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985). The trial court may modify an award of periodic alimony upon a showing of a change in circumstances. Boudreaux v. Boudreaux, 550 So.2d 1030
(Ala.Civ.App. 1989).
Since the divorce, the wife has been diagnosed with spondyloarthropathy, a disease that causes inflammation in the joints *Page 301 
and inflammatory back pain. The wife has had a history of rheumatoid diseases ever since adolescence. The husband argues that the wife's condition is no worse now than it was at the time of the divorce, and, therefore, he argues, her disease is not a material change in circumstances. We disagree. The wife presented evidence indicating that at the time of the divorce the extent of her illness was unknown and she was planning to become employed. The wife testified that her illness had progressed rapidly and that she did not respond to a variety of treatments. The wife testified that her chronic pain prevents her from being employed. She testified that she decided to file the modification petition because she was unable to be employed. We conclude that the wife did present evidence of a material change in circumstances and that the trial court did not abuse its discretion by extending the husband's periodic-alimony obligation beyond four years.
The wife first argues on her cross-appeal that the trial court erred by ordering the husband to pay $2,000 monthly periodic alimony instead of the $2,750 per month that was ordered in the divorce judgment. Among the factors the trial court may consider in determining the amount of alimony to be awarded are each spouse's earning ability, age, health, and conduct, and the length of the marriage. Martin v. Martin, 624 So.2d 192
(Ala.Civ.App. 1993). The trial court's award of periodic alimony is presumed to be correct. Brannon, supra.
The husband contends that the divorce judgment awarded the wife a large amount of monthly periodic alimony because it was to be paid for only four years. The husband testified that since the divorce he has remarried and now has two children. He testified that his current salary is $97,201 per year; his income at the time of the divorce was over $120,000 per year. We conclude that the trial court did not abuse its discretion by reducing the husband's monthly periodic obligation to $2,000, especially considering the fact that his salary has decreased since the divorce.
The wife next argues that the trial court erred by not ordering the husband to maintain a life insurance policy for the benefit of the wife beyond the four-year period originally set. The divorce judgment ordered that the husband maintain a $250,000 life insurance policy for the benefit of the wife for as long as he is obligated to pay periodic alimony. As stated above, the divorce judgment ordered the husband to pay periodic alimony for four years. The wife argues that because the trial court extended the husband's periodic-alimony obligation it should have also extended the husband's obligation to maintain the life insurance. We disagree. As stated above, the husband's salary has decreased since the divorce, and he now has two children. We conclude that the trial court did not abuse its discretion by not requiring the husband to maintain the life insurance policy.
The wife next argues that the trial court erred by not ordering retroactive periodic alimony to the date she filed her petition. The wife filed her petition in January 1999. Pursuant to the divorce judgment, the husband's periodic obligation ceased in February 1999. In October 1999, the trial court ordered the husband to pay $1,800 pendente lite periodic alimony. In January 2000, the court ordered the husband to pay $2,000 monthly periodic alimony effective February 7, 2000. The wife received $2,750 in monthly periodic alimony until February 1999. From February 1999 to October 1999, the wife received no periodic alimony. From October 1999 to February 2000, the wife *Page 302 
received $1,800 in monthly periodic alimony, and in February 2000 the wife started receiving $2,000 per month. We conclude that the trial court did abuse its discretion by not making the January 2000 alimony award retroactive to the date the wife filed her petition. As stated above, the effect of the trial court's judgment is that the wife received no periodic alimony for nine months. That effect is inequitable in this case, where the trial court ultimately concluded that the wife was entitled to periodic alimony beyond the four-year period. It is equitable that the wife receive the $2,000 in monthly periodic alimony for the nine months that her petition was pending. Therefore, we reverse the judgment to the extent it denied retroactive alimony payments, and we instruct the trial court, on remand, to award the wife $2,000 in monthly periodic alimony for the months that she received no alimony.
Last, the wife argues that the trial court erred by not awarding her any attorney fees. The trial court's order regarding an award of attorney fees is presumed correct and will not be reversed absent an abuse of discretion. Hewitt v. Hewitt, 285 Ala. 516, 234 So.2d 283 (1970). See also Ex parte James, 764 So.2d 557 (Ala. 1999) (a plurality opinion reversing this court's reversal of a $100,000 award of attorney fees to the wife's attorney based on the testimony of the attorney and recognizing that no evidence of the reasonableness of the award is required). We find no abuse of discretion in the trial court's failure to award the wife no attorney fees.
The trial court's judgment is reversed to the extent it denied the wife alimony for the months while her petition was pending. Otherwise, the judgment is affirmed. The cause is remanded for the trial court to modify its judgment to the extent required by this opinion.
The wife's request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Robertson, P.J., and Yates, Monroe, and Thompson, JJ., concur.