231 So.2d 103

**Orien R. POWELL, Wayne Powell and Mrs. Velma Mauldin**

v.

**Alton H. POWELL, Duey W. Powell, Mrs. Mable Boone and Mrs. Pauline Thomas.**

**7 Div. 815.**

Supreme Court of Alabama.

Jan. 22, 1970.

Robert B. French, Jr., Fort Payne, for appellants.

232

HARWOOD, Justice.

The complainants and respondents in the proceedings below were the children of Mrs. Ollie A. Powell, who died in December 1965.

The complainants filed their bill seeking to have set aside two deeds by which Mrs. Ollie A. Powell had conveyed real properties to the respondent Alton H. Powell. The first deed was executed on 27 October 1958, and recorded on 29 October 1958. The second deed was executed on 23 October 1963, and recorded the next day.

The complainants based their claims for cancellation of the deeds on the grounds that they were procured by fraud, that Ollie A. Powell was of unsound mind at the time of the execution of the deeds, and that Alton had exercised undue influence on his mother to procure the execution of the deeds.

A large number of witnesses testified for the respective parties in the hearing below. Their testimony was directed toward establishing, or denying, the mental competency of Mrs. Powell, and the exercise of undue influence by Alton to procure the executions of the deeds by his mother.

After the hearing, the court entered a decree finding that the complainants had failed to meet the burden of proof and had failed to reasonably satisfy the court that Ollie A. Powell was mentally incompetent to execute the deeds, or that Alton had unduly influenced her and thereby induced her to execute the deeds.

The Chancellor thereupon adjudged and decreed that the bill be dismissed. The

J. C. Kellett, Fort Payne, for appellees.

complainants thereafter perfected this appeal.

Counsel for appellants has argued only two assignments of error in brief.

Assignment of error 6 is to the effect that the court erred in rendering the decree in favor of the appellees (respondents).

■ Where a decree is a single unit and is erroneous in any respect, the error infects the entire decree and an assignment of error in general terms is sufficient to invite review. Wiggins v. Stapleton Baptist Church, 282 Ala. 255, 210 So.2d 814; Bryan v. W. T. Smith Lbr. Co., 278 Ala. 538, 179 So.2d 287.

■ Under this assignment the appellants have argued the sufficiency of the evidence to support the decree. This is permissible. White Roofing Co. v. Wheeler, 39 Ala.App. 662, 106 So.2d 658; Wiggins v. Stapleton Baptist Church, supra.

The evidence presented by the complainants was directed toward showing that since the death of her husband in 1949, Mrs. Powell had been in poor health, suffering from headaches, dizziness, stomach ulcers, and other deteriorating diseases, as well as mental confusion. That in this state, Alton, who made his home with her, acquired a domination over her will and exerted unduly an influence in all her decisions.

On the other hand, the respondents presented substantial evidence directed toward establishing that Mrs. Powell's health was good for a person of her age. That prior to the death of Mr. Powell, he had become a total and bed-ridden invalid and at the request of Mrs. Powell, Alton gave up his business in Arizona and returned to the Powell home in order to assist in the care of his father who lingered for some time after Alton's return. After Mr. Powell's death, Alton continued to live in his mother's home and to a large degree she relied upon him in the management of her affairs. The testimony of several of respondents' witnesses was to the effect that Mrs. Powell was entirely competent mentally at the time of the execution of the deeds, and was a woman of strong will and independence.

The attorney who drafted the deed in 1958, testified that at that time Mrs. Powell was in complete possession of her mental faculties. At the same time he drew a will for Mrs. Powell and she told him exactly what she wanted done.

Mrs. Powell had visited the clinic of Dr. J. O. Finney in Gadsden for medical examinations and consultations for some twenty years. He saw her on 27 October 1958. In his judgment, she was of sound mind and in full control of her faculties at this time. Dr. Finney testified he would consider Mrs. Powell to be a person of average health for a person of her age. The only time he noted any mental condition on Mrs. Powell's part was when she was admitted to a hospital on 31 October 1965. At this time she would not appear to be oriented at times, "but this surprisingly cleared quite rapidly and rather remarkably." As before noted, Mrs. Powell died in December 1965.

■ We will not set forth in detail more of the voluminous evidence introduced below. The sufficiency of the evidence to support a decree of course depends upon the facts in each particular case.

■ While counsel for appellants reads much into the fact that Alton and his mother occupied a confidential relationship because parent and child occupy such relationship, the prima facie presumption remains that in transactions between parent and child that the parent is the dominant party and that such transactions are free from undue influence. The burden of showing that such condition has been reversed is upon the one questioning the transactions. Dillard et al. v. Hovater, 254 Ala. 616, 49 So.2d 151.

**234**

The hearing was before the Chancellor ore tenus. His conclusion on questions of disputed facts is entitled to the same presumption of correctness, as is the verdict of a jury on a factual situation. It will not be disturbed unless palpably wrong. From our consideration of all the legal and admissible evidence presented below, we are of the opinion that there is ample and abundant evidence supporting the conclusions and decree of the Chancellor.

Assignment of error 6 is without merit.

Appellants' assignment of error 13 pertains to the action of the court in limiting the cross examination of the respondent Alton Powell concerning his work and earnings to a period subsequent to the death of his father. Counsel for appellees, until so limited, were apparently intent on examining Alton as to his work and earnings in Arizona, prior to the time he returned to Alabama to assist in the care of his father.

Section 443, Title 7, Code of Alabama 1940, guarantees the right of cross examination, thorough and sifting.

This section must be reasonably construed. It does not deprive the trial judge of discretion reasonably exercised to limit the range of cross examination in respect to collateral and irrelevant matter. The undue and unnecessary consumption of time in the trial of causes, and the avoidance of multiplied collateral and irrelevant issues is committed in the first instance to the wise discretion of the trial judge. Drummond v. Drummond, 212 Ala. 242, 102 So. 112; Sowell v. State, 30 Ala. App. 18, 199 So. 900; Duff v. State, 40 Ala.App. 80, 111 So.2d 621; Nelson v. Darling Shop of Birmingham, Inc., 275 Ala. 598, 157 So.2d 23.

The remoteness in time of evidence of Alton's work and earnings in Arizona prior to the time of the death of his father negatived its probative value in shedding light on the issues in the present case. Such evidence was therefore irrelevant and immaterial. The Chancellor did not abuse his discretion in the premises.

No merit attaches to Assignment of error 13.

The decree appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and MADDOX, JJ., concur.