290 So.2d 181

**LaFaye ANDERSON**

**v.**

**Joseph Allen ANDERSON, Sr.**

**Civ. 41.**

Court of Civil Appeals of Alabama.

Dec. 12, 1973.

On Rehearing Jan. 16, 1974.

John Martin Galese, Birmingham, for appellant.

Kenneth R. Cain, Ozark, for appellee.

WRIGHT, Presiding Judge.

This is an appeal from a decree of divorce, custody of minor children and property settlement.

Appellant, LaFaye Anderson brought suit for divorce, custody of children, support and division of property. Appellee filed answer and cross-complaint seeking similar relief.

After extensive hearing ore tenus, the learned trial judge rendered a decree granting a divorce to appellant for incompatibility, giving her custody of four minor children, giving to appellee custody of two older boys, ages sixteen and seventeen, determining ownership of various real and personal property, dividing certain property of joint title and granting payment to appellant of the portion of appellee's Social Security payable for support of children. Appellant complains of the decree as to custody, the ground upon which the divorce was granted, and the division of property.

We have carefully read and considered the evidence heard by the court below. We conclude that the decree is due to be affirmed.

The parties were married in 1954. From the marriage came six living children. In 1968 appellee suffered an accident resulting in his becoming a paralytic with only limited use of one arm and hand. Prior to his injury the parties had been in the business of building and operating trailer courts in the vicinity of Fort Rucker. After the injury to appellee, the appellant with some help from the older children took charge of the business and completed a home begun by appellee. Appellant was apparently an excellent business woman and hard worker. She accumulated cash

assets of some $35,000, purchased real estate and automobiles. Some of the assets were made possible through the saving of appellee's VA and Social Security checks, insurance from his accident, and the sale of a trailer court. We see no need of listing such assets here. The trial court has set all of them out in the decree and divided them between the parties. Appellant was given all real estate to which she holds sole title, though such property was purchased with funds produced from the family businesses and savings, or with money borrowed upon the security of family funds. She was given all savings and certificates of deposits. She was given all the trailers and trailer parks together with the oil business and equipment, though there is substantial indebtedness on some of the trailers. She was given a 1970 Chrysler Imperial and a 1972 Maverick automobile and practically all household furnishings. She is to receive Social Security benefits for the children in her custody. Appellee was given the home and the some 27 acres upon which it is located. He was given some personal property of undisclosed value and the benefits of a lease from which some $300 per month is received in rentals. The home and the 27 acres is unencumbered. It is stated in brief that the home is of the value of $60,000. We were unable to find testimony as to such value in the record. Appellee has Social Security and VA benefits of almost $300 a month, with all medical expenses provided.

In our consideration of this case, we have been impressed with the patience of the trial court during the hearing before it and the detail of the decree rendered. It is evident that the decree was rendered after much consideration of the relative position of the parties. The appellee, through an unfortunate accident, is totally disabled and dependent upon pensions. He is unable to produce income for the support of appellant and their children. He will need constant medical and nursing care for the remainder of his life. Appellant has shown her ability to manage a business and produce an income. The court was wise to award her the available capital and assets to continue the businesses. It is regrettable that she and the four children awarded to her will have to move from the home and secure other living facilities, but the evidence indicates her ability to do so. Such living facilities may be available in the house trailers awarded to her.

The well known and oft stated rule applicable to appellate consideration of matters heard orally by the trial court is that the decree rendered thereon will not be disturbed unless it appears from the evidence to be clearly unjust and plainly wrong. Powell v. Powell, 285 Ala. 230, 231 So.2d 103. It is our judgment that the decree in this case in all of its aspects is fully supported by the evidence. There is so little room for controversy as to the fairness of the decree below that we consider this decision has limited precedent value.

Affirmed.

The order of this court dated October 11, 1972, reinstating the restraining order of the trial court dated July 21, 1972, is hereby dissolved. Any accounting of the acts of appellant while such order has been in effect deemed necessary and proper by the parties or the trial court, shall proceed in the court below.

BRADLEY and HOLMES, JJ., concur.

### ON REHEARING

WRIGHT, Presiding Judge.

Upon application for rehearing, it has been brought to the Court's attention that in affirming the decree of the trial court we misunderstood its effect. That is, though the decree awarded to appellant the sixteen trailers located at Sun Lake Trailer Court or Ranch, the land upon which such trailers are located was included in the acreage awarded to appellee. We have reexamined the transcript of the evidence. Though there is no description of the location of Sun Lake Trailer Court in the

record, we conclude that the appellant is correct. It further appears that there is also located on the acreage awarded appellee an apartment containing two units and a dwelling house. These buildings are income producing or are capable of being so. We consider it appropriate that such buildings and the site known as Sun Lake Trailer Court be awarded to appellant to assist in supporting her and the children whose custody was awarded to her.

As we do not have before us proper descriptions of the land upon which these buildings and the trailer court is located, we now reverse Paragraph 11 of the decree below insofar as it grants to Joseph Allen Anderson, Sr. the full 26.088 acres of land where the home of the parties is located, and remanded to the trial court for the purpose of carving from such acreage the trailer court, the apartment building and the dwelling house formerly occupied by the parties prior to the erection of their present residence. We direct the trial court to use its own discretion in determining the amount of land to be awarded with the trailer court and each building, suggesting only that a reasonable amount be given so that such property would be reasonably marketable and desirable for the designed purpose, keeping in mind the least adverse effect upon the acreage and residence remaining. Such award should provide for ingress and egress. When such carving out is accomplished, title to the property so carved out shall vest in appellant LaFaye Anderson. Title to the remainder of the 26.088 acres shall vest in Joseph Allen Anderson, Sr.

Further supervision by this Court of the matters directed to the trial court subject to its discretion upon remandment is unnecessary. ·Decree after remandment will be subject to appeal or other appropriate review.

Opinion extended. Rehearing granted. Affirmed in part, reversed in part and remanded with directions.

BRADLEY and HOLMES, JJ., concur.