This case was begun by Thomas E. Ensley against his wife, Esther, in the Circuit Court of Marengo County, seeking a divorce and division of personal and real property, including a pickup truck and a lime crusher located in Marengo County. The real property was located in Arkansas.
After the divorce proceedings were begun, the real property in Arkansas was sold under a foreclosure decree rendered by the Chancery Court of Hot Springs County, Arkansas.
Several third parties intervened, claiming an interest in the personal property. Perry, Inc., the John Deere dealer in Marengo County, filed a lien against the lime crusher and the pickup truck for work and labor performed on each. Likewise, Merchants and Planters Bank and Trust Company of Arkadelphia, Arkansas (hereinafter the "bank"), intervened and also sought to have a lien imposed on the lime crusher. The basis of the bank's claim was apparently a note executed by the Ensleys evidencing a loan made to them by the bank. Wilkinson 
Jenkins, Inc., a Florida contractor, also claimed an interest in the lime crusher.
The trial court tried the case on March 29, 1985, without a jury. The decree from which the bank appeals was entered on September 28, 1985, and is in its entirety as follows:
 "This cause was presented to the Court on the issue of the ownership interests in a lime crusher and a vehicle formerly owned by Thomas G. Ensley. Mrs. Ensley has been awarded all ownership interests in the property of her former husband. Claims have been made against the property by Merchants and Planters Bank and Trust of Arkadelphia, Arkansas, Wilkinson and Jenkins Construction Company, Inc., and Perry, Inc. The Court, after hearing the evidence, finds that Perry, Inc., has no statutory lien on the truck, only a common law lien on the vehicle in the amount of the last bill, i.e., $582.16. The Court finds that the other work performed on the truck does not constitute a common law lien, because the vehicle was returned to the owner, Mr. Ensley, and only came back into the possession of Perry, Inc. for the repairs as shown on the last invoice.
 "The Court further finds that Perry, Inc. has no common law lien on the lime crusher, but has a statutory lien on the lime crusher as to the last invoice in the amount of $189.27. This work was performed within six months before the notice was filed in the Probate Office and thus is subject to a statutory lien. The Court finds that Perry, Inc. did not qualify for a common law lien under the facts of this case.
 "The Court finds that Wilkinson and Jenkins Construction Company, Inc. does not have a valid claim as partners to the lime crusher. The Court finds that if a partnership ever did exist, it has long since ceased to operate and has been dissolved. The Court finds that Mr. Ensley was the sole owner of the equipment at the time that the cause was filed with the Court.
 "The complaint of the bank filed against Mr. and Mrs. Ensley claims they *Page 688 
executed a promissory note on November 22, 1982, in the amount of $38,741.06 and that they also executed a security agreement. The testimony revealed that legal proceedings had been instituted in Arkansas and that numerous items of personal and real property had been foreclosed upon and sold by the bank in Arkansas. No foreign judgment or decree was introduced into evidence. The only documentary evidence that was introduced was a note signed by Mr. and Mrs. Ensley dated November 18, 1981, in the amount of $40,000.11, a financing and security agreement dated April 2, 1980, and a U.C.C. statement filed with the Secretary of State on February 21, 1984. The representative of the bank testified that Mrs. Ensley owed the bank $10,508.77. Mrs. Ensley denied owing the bank anything and contended that her property was not sold in a commercially reasonable manner and that she had more than paid any note due the bank. The note that was introduced as Bank's Exhibit One showed on the reverse side that the principal amount due on it was $1,827.28 as of May 9, 1984. In view of this confusing evidence, the Court is not reasonably satisfied that the bank has a claim against Mr. and Mrs. Ensley nor does the bank have a perfected security interest in the lime crusher and vehicle.
 "It is, therefore, ORDERED, ADJUDGED and DECREED by the Court that Perry, Inc. has a lien on the lime crusher in the amount of $189.27 and on the truck in the amount of $582.16, together with legal interest from the date of each invoice. Perry, Inc. may proceed to sell this equipment and satisfy the liens.
 "It is further ORDERED that Wilkinson and Jenkins Construction Company, Inc. and Merchants and Planters Bank and Trust Company of Arkadelphia, Arkansas have no interest in the equipment and are not entitled to a lien on this property. A judgment is entered in favor of Mr. and Mrs. Ensley on their claims.
 "All DONE and ORDERED this, the 23rd day of September, 1985.
 "/s/ Claud D. Neilson "CLAUD D. NEILSON "CIRCUIT JUDGE"
In its issues on appeal, the bank lists several abstract statements, most of which are correct statements of law, for example: (1) that the payer of a note made the basis of a lawsuit must plead payment as a defense; (2) that estoppel must be specially pleaded; and (3) that where a judgment shows that the trial court did not consider the whole record and a material part of the record was not brought to the attention of the trial court, the judgment is not sufficient and must be reversed.
We are not directed to any ruling of the trial court on any of the issues urged for reversal. Thus, we are asked to reverse the judgment of a trial court which heard a case tried ore tenus, decided the facts, and entered a final judgment, without any showing of error. This we cannot do. The burden is on an appellant to show error adverse to his cause. It may be true, as the bank argued, that the trial court inadvertently overlooked an item of evidence, but the appellant did not call it to the court's attention by motion to reconsider or otherwise. This leaves this Court with nothing to review. Rule 46, A.R.Civ.P.; Conley v. Beaver, 437 So.2d 1267 (Ala. 1983);Bill Steber Chevrolet-Oldsmobile, Inc. v. Morgan,429 So.2d 1013 (Ala. 1983); Holt v. Davidson, 388 So.2d 548 (Ala. 1980);Durden v. Furniture Fair of Dothan, Inc., 348 So.2d 1375 (Ala. 1977); Basin Coal Co. v. Gulledge, 470 So.2d 1258
(Ala.Civ.App. 1985). See Ala. Digest, Appeal Error, Key No. 181.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur. *Page 689