Loretta Wells sued Jeanne Arzonico, seeking, among other things, the dissolution of a general partnership. The partnership, known as Fashion Flair Jewelry, consisted of Wells and Arzonico, and it operated a wholesale jewelry business.
Pursuant to Wells's complaint, the trial court, by agreement of the parties, appointed Wells as the partner solely responsible for winding up the affairs of the partnership. Wells filed her verified petition for final settlement of the partnership, asking that the trial court approve the accounting that she submitted, dissolve the partnership, and award all remaining partnership assets to her. In support of her verified petition, Wells filed bank statements, deposit tickets, checks, and other written evidence.
Wells also sought a judgment against Arzonico for $19,545.08, which was the amount owed to Wells by Arzonico, according to the final accounting. Finally, Wells requested payment of attorney fees incurred by the partnership and by her as the sole winding-up partner. Wells asked that these fees be charged equally to Wells and Arzonico, even though Wells had paid a part of the fees earlier from her personal funds.
Following an ore tenus proceeding, the trial court entered an order dissolving the partnership and rendered a judgment for $3,301.00 against both Wells and Arzonico for attorney fees incurred by the partnership and by Wells as sole winding-up partner. The trial court awarded Wells sole ownership of the partnership's accounts receivable and granted Arzonico an option to purchase all partnership inventory for $3,000. The trial court awarded Wells sole ownership of the inventory upon Arzonico's failure to exercise that option. The trial court then rendered judgment in favor of Wells and against Arzonico for $17,894.58. Arzonico appealed.
The only issue raised in this appeal is whether the trial court's judgment holding Arzonico liable for one-half of the outstanding partnership liabilities and valuing the remaining inventory of the partnership at $3,000 is plainly and palpably wrong.
At the outset, we note that where ore tenus evidence is presented to the trial court in a nonjury case, a judgment based on that evidence is presumed to be correct and will not be disturbed on appeal unless a consideration of the evidence and all reasonable inferences therefrom reveals that the judgment is plainly and palpably erroneous or manifestly unjust. McInnis v. Lay, 533 So.2d 581 (Ala. 1988); Fouts v.Beall, 518 So.2d 1236 (Ala. 1987).
After reviewing the record and the briefs of the parties, we hold that the trial court's judgment is supported by the evidence. The record reveals that Wells and Arzonico entered into a written partnership agreement in June 1988. Wells, who owned a 51% interest in the partnership, was to have the recordkeeping responsibilities for the partnership, while Arzonico, who owned a 49% interest, was to select and sell the jewelry.
Wells testified that the partners intended that proceeds from sales of jewelry inventory be turned over to Wells for her to deposit them into the partnership checking account. However, Wells indicated that Arzonico had ceased complying with this agreement in January or February 1990. Wells testified that Arzonico, without Wells's consent, approval, ratification, or acquiescence, opened another checking account into which she deposited partnership assets. Further, Wells alleged that she had never authorized, approved, or ratified any withdrawals or disbursements from the checking account that Arzonico had opened. Wells stated that by March 1990 the balance in the partnership account had reached zero and that from March 1990 through October 1990 she paid all partnership obligations from her personal funds. As of October 1990, the end of the accounting period covered by Wells's petition for final settlement, the debts owed by the partnership totalled over $40,000, including specified liabilities owed by the partnership to Wells. In view of this evidence in the record, we find no error by the trial court *Page 154 
in holding Arzonico liable for one-half of the partnership liabilities.
The evidence in this case also supports the trial court's valuation of the remaining inventory of the partnership. While Arzonico contends that the trial court should have valued the partnership inventory at not less than $10,000, the trial court's judgment valuing the inventory at $3,000 is clearly supported by the record. Wells testified that although the remaining inventory cost the partnership approximately $10,000, it was presently worth no more than $3,000. Wells indicated that the remaining inventory consists of costume jewelry, for which there is little demand. Wells's testimony as to the value of the jewelry is bolstered by evidence indicating that attempts by several other individuals to sell the jewelry have proven unsuccessful.
In light of the evidence from the record set out above and the attendant presumptions of correctness accompanying that evidence, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.