KENNEDY, Justice.
The defendants, Jackson Bolt & Screw, Inc. and J.V. McCullough, appeal from a judgment entered in favor of the plaintiff, Bolt & Screw, Inc., after a nonjury trial.
The plaintiff, Bolt & Screw, Inc. (“Bolt & Screw”), operated in Mobile, Alabama, until it went out of business in December 1988. The defendant Jackson Bolt & Screw, Inc. (“Jackson”), a wholesaler of bolts, screws, nuts, and fasteners, is located in Jackson, Mississippi. The defendant J.V. McCullough is the owner and president of Jackson.
In December 1988, McCullough and Jackson’s vice-president, Kenneth Foster, met with Berma Arvel Jeffcoat, the vice-president of Bolt & Screw, at the warehouse of Bolt & Screw in Mobile, Alabama. Bolt & Screw was going out of business and Jackson was interested in surveying its inventory to determine whether Jackson wanted to acquire any or all of the inventory. McCullough and Foster walked through the warehouse with Jeffcoat, inspected the inventory, and advised Jeffcoat of what Jackson wished to purchase. Jeffcoat made notes of what Jackson wanted to purchase. They agreed that all materials were to be in new, unused condition. The parties further agreed that the price would be 30% off the best market price as set out in various industry catalogs. McCullough subsequently executed a guaranty of payment for the materials purchased by Jackson.
Bolt & Screw shipped approximately nine trailer loads of materials to Jackson in January and February 1989. A few days after *1128 each shipment, Bolt & Screw sent Jackson an invoice to show the quantity shipped and the price. The total amount invoiced to Jackson for materials delivered was $133,672.23. Bolt & Screw claimed that the invoices sent to Jackson reflected a 30% discount. However, Jackson, after counting all the items and calculating the price by using the 30% discount, concluded that it had received materials worth a total of approximately $81,569 and that a substantial portion of what it had received either had not been ordered or was unusable.
It is undisputed that a portion of the materials received by Jackson were unordered or unusable. Some of the materials Jackson received were rusted, tar coated, or counterfeit.[1]
Jackson notified Bolt & Screw of the problems with the materials received. Bolt & Screw instructed Jackson to set aside all materials that were unordered or unusable and stated that Bolt & Screw would credit Jackson’s account for those materials. Jackson set aside 24 pallets of rejected materials; however, the parties never settled their dispute. In fact, some of the rejected material was actually sold by Jackson.
Jackson paid Bolt & Screw a total of $60,-000, leaving a balance of $73,672.23 owing on the original invoices. Bolt & Screw sued Jackson for that balance, alleging breach of contract for failure to pay for goods sold and delivered. The trial court entered a judgment in favor of Bolt & Screw for the full amount claimed.
The issue presented is whether that judgment was clearly erroneous or manifestly unjust.
A trial court’s judgment in a nonjury case will be presumed correct and will not be disturbed on appeal unless the appellate court, considering the evidence and all reasonable inferences therefrom, determines that the judgment is plainly and palpably erroneous or manifestly unjust. Arzonico v. Wells, 589 So.2d 152, 153 (Ala.1991).
The trial court erred in awarding Bolt & Screw the full invoiced amount, in light of the evidence clearly showing that a portion of the goods was unordered and unusable. The judgment is so against the great weight of the evidence as to be plainly and palpably erroneous; therefore, we reverse the judgment and remand for a new trial.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.

. Counterfeit bolts are bolts of a lesser grade than marked.