This is a divorce case.
After less than one year of marriage, Barbara Lynn McAliley sought a divorce from Michael Lex McAliley, alleging incompatibility. Following ore tenus proceedings, the trial court divorced the parties, and, inter alia, ordered a property division, awarded the wife $200 per month alimony in gross for 16 months in lieu of an automobile, and awarded the wife $300 for attorney fees. The husband's post-judgment motion was denied; hence, this appeal.
The record reveals that the husband failed to object at trial to properly preserve error on at least two of his issues, and therefore, those issues are not properly preserved or presented for appellate review. Bill Steber Chevrolet-Oldsmobile, Inc. v.Morgan, 429 So.2d 1013 (Ala. 1983). See also Merchants Planters Bank Trust Co. of Arkadelphia, Arkansas v. Ensley,502 So.2d 686 (Ala. 1986). Additionally, to support his argument for those issues, he cites court rules, mere general propositions of law, having little or no relevance to the issues he attempts to argue. An appellate court will not consider issues which are not properly delineated and it will not search out errors which have not been properly preserved or assigned. Ex parte Riley, 464 So.2d 92 (Ala. 1985). See alsoMcLemore v. Fleming, 604 So.2d 353 (Ala. 1992).
The husband's brief substantially fails to comply with the requirements of Rule 28, A.R.App.P. in numerous aspects, leaving this court with nothing to review on appeal.Lockett v. A.L. Sandlin Lumber Co., 588 So.2d 889
(Ala.Civ.App. 1991). He fails to properly cite supporting authority. He fails to clearly and unambiguously present and argue his issues in brief. The content of the husband's brief is so disjointed and unintelligible *Page 11 
that the wife's counsel was able to frame a response to only one issue. Bishop v. Robinson, 516 So.2d 723 (Ala.Civ.App. 1987). Although he appeals pro se, he must comply with legal procedures and court rules. Black v. Allen, 587 So.2d 349
(Ala.Civ.App. 1991). The rules are no more forgiving to pro se litigants than to those represented by counsel. Black, supra.
The only issue properly presented concerns the property division and the alimony award. The husband argues that the trial court abused its discretion in awarding the wife the alimony, and he claims that the award would financially "cripple" him. When a trial court receives ore tenus evidence in a divorce proceeding, its judgment is presumed correct if it is supported by the evidence. Waid v. Waid, 540 So.2d 764
(Ala.Civ.App. 1989). Absent an abuse of discretion, we are not permitted to substitute our judgment for that of the trial court. Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App. 1985). Alimony in gross is similar to a property division, and absent an abuse of discretion, we cannot reverse. Montgomery v.Montgomery, 519 So.2d 525 (Ala.Civ.App. 1987). Our careful and thorough review of the record reveals no reversible error; accordingly, we affirm.
The wife's request for attorney fees is denied.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.