Elgin Hall (hereinafter "the appellant") appeals the order for the final distribution of the assets of the estate of his father, Simuel L. Hall, Sr., as entered by the trial court, the Montgomery Circuit Court. We affirm.
 Facts and Procedural History
Simuel L. Hall, Sr. (hereinafter "the decedent") died intestate in February 2001. Mamie Hall (hereinafter "the appellee"), Simuel's surviving spouse, was appointed administratrix of his estate. The appellant and several of his siblings became suspicious that the appellee, their stepmother, was not including all of the decedent's assets in her inventory of the estate. The appellant, a resident of Michigan, retained local counsel to represent the appellant's interests and the interests of the other children of the decedent's first marriage.
Over the course of two bench hearings, the trial court received oral testimony and documentary evidence and considered various inventories of the estate and the challenge of the appellant. The evidence was undisputed that the decedent was predeceased by one of his sons, Merrill, who left one or two children. No evidence tended to prove whether or not either of these grandchildren of the decedent survived him, predeceased him, or had children of such grandchild's own. No evidence revealed any name, address, or even general location for any such grandchild of the decedent. No party to the proceedings filed any motion or pleading or presented any argument to the trial court, either before or after judgment, asserting any claim for any such grandchild or challenging the absence of any such grandchild as a party to the proceedings.
On October 14, 2003, the trial court entered an order for the final distribution of the assets of the estate in accordance with the Alabama laws of intestate succession. The order, which the appellant appeals, reads: *Page 80 
 "1. That the Estate consists of the assets outlined in the accounting submitted to the Court by the Personal Representative on September 15, 2003;
 "2. That reasonable attorney fees are hereby awarded to Stephen M. NeSmith, attorney at law, in the sum of $9,269.00, and John M. Poti, attorney at law, in the sum of $4,075.00, to be paid out of the assets of the Estate, along with reimbursement of Estate administration expenses in the sum of $7,555.30;
 "3. That the household furnishings are set aside as exempt from administration, in accordance with Code of Alabama, 1975, §§ 43-8-110 and 43-8-111;
 "4. That all banks, financial institutions and intermediaries shall transfer to the Personal Representative any and all accounts or funds of the decedent for distribution;
 "5. That the balance of funds in the hands of the Personal Representative be distributed in accordance with Code of Alabama, 1975, §§ 43-8-41 and 43-8-42, after all the above disbursements are made;
 "6. That the Personal Representative and the Surety are hereby discharged in this case."
The accounting incorporated by reference into the order did not include, as an asset of the estate, a Compass Bank checking account some evidence tended to prove to be such an asset.
 Issues
The appellant states three issues. First, "the final order from the trial court omitted the Compass Bank checking account from the estate." (Appellant's brief, p. 14.) Second, "[t]he final order failed to name each heir and failed to allocate a specific distribution to each heir." (Id.) Third, "the trial court abused its discretion in awarding attorney fees against the estate and not against the administrator." (Appellant's brief, pp. 14-15.)
 The Compass Bank Checking Account Law "[W]here ore tenus evidence is presented to the trial court in a nonjury case, a judgment based on that evidence is presumed to be correct and will not be disturbed on appeal unless a consideration of the evidence and all reasonable inferences therefrom reveals that the judgment is plainly and palpably erroneous or manifestly unjust."
Arzonico v. Wells, 589 So.2d 152, 153 (Ala. 1991). "The trial court's judgment in such a case will be affirmed, if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment." Clark v. Albertville Nursing Home, Inc.,545 So.2d 9, 13 (Ala. 1989). "The reason for this tenet of the law . . . is that the trial judge who sees and hears a witness testifying in person in court can better judge the credibility of the witness than a reviewing appellate court can judge the credibility from only the typed words in the transcript." Exparte C.V., 810 So.2d 700, 719 (Ala. 2001).
"We have unequivocally stated that it is not the function of this Court . . . to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument." Dykes v. Lane Trucking,Inc., 652 So.2d 248, 251 (Ala. 1994). "When an appellant fails to cite any authority for an argument on a particular issue, this Court may affirm the judgment as to that issue, for it is neither this Court's duty nor its function to perform an appellant's legal research." City of Birmingham v. Business Realty Inv.Co., *Page 81 722 So.2d 747, 752 (Ala. 1998) (internal citations omitted).
 Analysis
The appellant cites no authority for the proposition that the Compass Bank checking account should be included as an asset of the estate. Further, the appellant presents no argument and cites no authority to persuade this Court that the ore tenus rule does not require us to affirm the fact-finding of the trial court, implicit in its order omitting that account, that it isnot an asset of the estate. Therefore, the appellant's challenge to the contents of the estate is unavailing.[1]
Rule 28(a)(10), Ala. R.App. P.; Arzonico, Clark, Ex parte C.V.,Dykes, and Business Realty, supra.
 The Purportedly Omitted Heir Law and Analysis
An administratrix is required to "file a statement, on oath, of the names of the heirs . . . of [the] estate . . .; but if the names, ages or condition of such heirs . . . are unknown and they reside out of state, they may be made parties as unknown heirs. . . ." § 43-2-502, Ala. Code 1975. "Our review is limited to the issues that were before the trial court — an issue raised on appeal must have first been presented to and ruled on by the trial court." Norman v. Bozeman, 605 So.2d 1210, 1214
(Ala. 1992). Accord Ex parte Weaver, 871 So.2d 820, 823 (Ala. 2003).
 "[W]e are asked to reverse the judgment of a trial court which heard a case tried ore tenus, decided the facts, and entered a final judgment, without any showing of error. This we cannot do. The burden is on an appellant to show error adverse to his cause. It may be true, as the [appellant] argue[s], that the trial court inadvertently overlooked an item of evidence, but the appellant did not call it to the court's attention by motion to reconsider or otherwise. This leaves this Court with nothing to review."
Merchants Planters Bank Trust Co. of Arkadelphia, Ark. v.Ensley, 502 So.2d 686, 688 (Ala. 1986).
 The Incidence of the Attorney Fees Law
The trial court may allow attorney fees to attorneys representing the administratrix of an estate. § 43-2-682, Ala. Code 1975. Attorney fees for adverse parties such as the appellant, however, "`are recoverable only where authorized by statute, when provided in a contract, or by special equity, such as in a proceeding where the efforts of an attorney create a fund out of which fees may be made.'" Reynolds v. First AlabamaBank, 471 So.2d 1238, 1241 (Ala. 1985) (quoting Eagerton v.Williams, 433 So.2d 436 (Ala. 1983)). "Alabama recognizes exceptions to [this] [r]ule where fraud, willful negligence or malice has been practiced." Id. at 1243.
 Analysis
The trial court did, in fact, award the appellant an attorney fee and charge it against the estate. The trial court thereby legally charged the fee against the "fund" created by the appellant's diligence in identifying additional assets of the estate and demanding the inclusion of those additional assets. The appellant, however, argues that this attorney fee[2]
should be *Page 82 
charged against the appellee, the administratrix, personally on the ground of her misconduct in trying to omit assets from the estate.
In not charging the attorney fee against the administratrix personally, the trial court implicitly found, on ore tenus
evidence, that she was not guilty of misconduct that would require such a sanction. While the appellant argues the facts of what he characterizes as the appellee's misconduct, the appellant cites no authority to support the conclusion that the appellee's conduct constituted punishable misconduct as a matter of law, and neither presents argument nor cites any authority to support the conclusion that the ore tenus rule does not require an affirmance on this issue. Thus the appellant cannot prevail on this issue either. Rule 28(a)(10), Ala. R.App. P.; Arzonico,Clark, Ex parte C.V., Dykes, and Business Realty, supra.
 Conclusion
The appellant has not demonstrated any error to reverse. Therefore, the judgment must be affirmed.
AFFIRMED.
NABERS, C.J., and HOUSTON, SEE, LYONS, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
[1] For the same reasons, the appellant fails in his bare assertion that the household furnishings were improperly omitted from the estate. The trial court explicitly held the household furnishings exempt from administration pursuant to §§ 48-8-110 and 48-8-111, Ala. Code 1975.
[2] The appellant also conclusorily implies that the trial court erred in not taxing his travel expenses against the appellee, the administratrix. We decline to decide this claim because it is not sufficiently argued in brief. Rule 28(a)(10), Ala. R.App. P.; Dykes and Business Realty, supra.