Josephine LEONARD

v,

Beatrice WOODRUFF, as executrix of
the estate of Beatrice Calhelhas,
deceased, et al.

2140822.

Court of Civil Appeals of Alabama.

March 25, 2016.

Anne Lamkin Durward of Massey, Stotser & Nichols, PC, Birmingham, for appellant.

Bruce N. Adams of Adams Miller, LLP, Anniston, for appellees.

PITTMAN, Judge.

This appeal, transferred to this court pursuant to § 12–2–7(6), Ala.Code 1975, arises from proceedings removed from the Cleburne Probate Court to the Cleburne Circuit Court involving the estate of Beatrice Calhelhas ("the decedent"), who died testate on July 29, 2010. The decedent's will named as executrix one of her five daughters, Beatrice Woodruff ("the executrix"), and the executrix petitioned the probate court to probate the will and to issue letters testamentary in October 2010. At the January 2011 hearing on that petition, another of the decedent's daughters, Josephine Leonard, appeared through counsel and opposed the granting of letters to the executrix; although the probate court rejected Leonard's challenge, that court did require the executrix to post a bond of $150,000.

In January 2012, Leonard caused the estate proceedings to be removed to the circuit court pursuant to § 12–11–41, Ala. Code 1975. After removal, Leonard filed a petition requesting that the executrix be compelled to make an accounting and an inventory of the assets of the estate, in response to which the executrix filed, among other things, a petition for a final settlement and an answer attaching exhibits detailing an appraisal report concerning the nature and value of the items of tangible property of the estate and a summary of estate financial accounts. After an ore tenus proceeding, the circuit court entered an order in February 2013 in which that court expressly deemed the executrix's accounting sufficient and adequate and ruled that all items of the estate "appeared to be satisfactorily accounted for." There is no indication that any party to the estate proceedings has sought review of that decision.

Soon after the circuit court had made its February 2013 ruling, Leonard initiated a civil action against the executrix in a New York trial court ("the New York action"). The pleadings from the New York action do not appear in the record. During the pendency of the New York action, the executrix consulted with counsel for the estate regarding what steps to take in that action, and she retained New York attorneys to defend the action; according to testimony subsequently given by the executrix, that attorney charged fees of $10,000. The record does reflect that, on November 18, 2014, the attorneys representing Leonard and the executrix in the New York action appeared in that court, and the transcript of the proceeding indicates that counsel for the executrix "move[d] to dismiss [the New York] action ... for res judicata in the fact that damages have already been determined by the [c]ourt in Alabama"; in response to that motion, Leonard's New York attorney, while opining that he had "provided sufficient allegations as it relates to potential

fraudulent conveyance by the [executrix]," admitted that he "may not be able, as a result of res judicata, to be able to set forth any actual damages." The New York trial court then ordered the New York action dismissed on the ground of res judicata. There is no indication in the record that either party sought appellate review of that decision.

▪ In May 2015, the circuit court held a hearing on a final settlement of the estate, at which testimony was taken and exhibits were admitted into evidence. After that ore tenus proceeding, the circuit court entered a judgment in June 2015 directing final distributions of estate property to the beneficiaries under the decedent's will after deduction of, among other things, a fee of $12,709.73 to be paid to counsel for the estate; however, the circuit court also ruled that a fee of $10,546.78, representing fees paid by the executrix to counsel in the New York action, was to be deducted from Leonard's distributive share and paid to the executrix. Leonard appeals from the judgment, asserting that the circuit court erred in making the estate responsible for portions of the fee awarded to counsel for the estate that represent services rendered by counsel for the estate to the executrix in connection with the New York action and in deducting the fees paid by the executrix to counsel representing her in the New York action from Leonard's distributive share.

> " '[W]here *ore tenus* evidence is presented to the trial court in a nonjury case, a judgment based on that evidence is presumed to be correct and will not be disturbed on appeal unless a consideration of the evidence and all reasonable inferences therefrom reveals that the judgment is plainly and palpably erroneous or manifestly unjust.'

"*Arzonico v. Wells,* 589 So.2d 152, 153 (Ala.1991). 'The trial court's judgment in such a case will be affirmed, if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment.' *Clark v. Albertville Nursing Home, Inc.,* 545 So.2d 9, 13 (Ala.1989)." *Hall v. Hall,* 903 So.2d 78, 80 (Ala.2004).

▪ We first review the propriety of the circuit court's award of fees from the estate to counsel for the estate. We note that Leonard does not challenge the reasonableness of the amount of the award as a whole but contends that the fee award to the estate's counsel must be reduced by the amount of "any fees claimed ... for work done for [the executrix] in her individual capacity." She argues that, to the extent that estate counsel's billing records admitted into evidence in the circuit court reflect entries referencing or concerning the New York action, counsel's services were rendered in a matter in which only the executrix personally, and not the estate, could properly be deemed to have had an interest such that the fees for those services were not properly awardable under Ala.Code 1975, § 43-2-682, which states, in pertinent part, that, as a component of a final settlement, a court exercising jurisdiction over a decedent's estate "may .... fix, determine and allow an attorney's fee or compensation, to be paid from such estate to attorneys representing such administrator or executor, for services rendered to the time of such settlement." Drawing an analogy to a statute allowing awards of attorney fees to attorneys representing a trust in actions where the administration of a trust is involved, *see* Ala.Code 1975, § 34-3-60, Leonard asserts that counsel for the estate should not be compensated for services benefiting individual, as opposed to estate, interests.

Although we have no quarrel with the general proposition of law insisted upon by Leonard—that awards of attorney fees pursuant to § 43-2-682 should bear a rela-

tionship to the interests of the estate rather than solely individual interests—we are not convinced that the circuit court erred in this case. Although a number of time entries in the billing records prepared by counsel for the estate contain references to telephone conversations and electronic correspondence with the executrix's attorneys in the New York action, as well as with the executrix herself regarding the New York action, we note that the circuit court heard testimony from which it could properly have concluded that the estate would have benefited from that work.

At the probate-court hearing in January 2011 concerning the executrix's qualifications to serve in that capacity, the executrix testified that, while the decedent was still living, she, pursuant to the directions of the decedent and utilizing the authority conferred by a power-of-attorney document signed by the decedent, had sold the decedent's home in New York for $160,000 without having consulted Leonard and had, at the decedent's oral direction, initially deposited the proceeds in a bank account held in the name of the executrix alone. The record reflects that the executrix and another of her sisters subsequently disclaimed sole ownership of the proceeds of that sale in favor of the estate so that the moneys could be distributed in the underlying proceedings, and the amount of money held by the estate at the time of the judgment on final settlement (approximately $130,000) indicates that the proceeds of the sale of the decedent's residence amounted to the main asset of the estate. Leonard testified at the final-settlement hearing that she had brought the New York action because of her doubts about the propriety of actions taken by the executrix in that state; she opined that "[t]he power of attorney ... is illegal" and that the probate judge who had issued letters testamentary to the executrix over Leonard's objection after the January 2011 hearing had "ignored the law." The circuit court in this case could properly have inferred that, had the New York action not been deemed barred by res judicata and had Leonard been permitted to "undo" any or all of the transactions taken by the executor during the lifetime of the decedent that had led to the liquidation of the bulk of the decedent's assets into cash form, the estate proceedings could well have been disrupted and the expenses thereof multiplied. Thus, we cannot conclude, as a matter of law, that the circuit court's award of fees to counsel for the estate was not within its discretion to make under § 43-2-682 even though some of the services provided by the estate's counsel might have afforded some benefit to the individual interests of the executrix.

Although the award of fees to the estate's counsel by the circuit court is due to be affirmed, we reach a somewhat different result as to the award of fees to the executrix from Leonard's distributive share purportedly representing fees and expenses she had incurred in the New York action. The sole evidence concerning the extent of those fees was the testimony of the executrix herself that she had paid fees of $10,000 to her attorneys in the New York action. However, the circuit court's judgment states that the executrix had actually testified that she had paid $10,546.78 to a New York-based law firm, an amount representing $10,417.50 in attorney fees and $129.28 in out-of-pocket expenses. The record in this case reveals no such testimony, and it is completely unclear upon what, if any, source of data the circuit court could have relied in awarding $10,546.78 here.

Leonard, in her appellate brief, assails the award of fees to the executrix on the basis that it is not supported by statute, by contract, or by special equity, and she

argues that the award should not be sustained on that basis. We agree with Leonard that § 43–2–682, which governs fees to which an executor or counsel are entitled to receive *from an estate,* does not speak to this situation, and that Ala.Code 1975, § 43–2–849, which governs recovery from *estates* of costs and reasonable attorney fees incurred in actions by and against personal representatives on behalf of the estate, is similarly inapplicable. However, in seeking to defend the judgment of the circuit court, the executrix notes the general power of courts sitting in equity to adjust the respective equities of parties to litigation before them and to award attorney fees in such matters against offending litigants on grounds such as bad faith.

 In this case, Leonard elected in January 2012 to procure the removal of the estate proceedings from the probate court to the circuit court pursuant to Ala. Code 1975, § 12–11–41. "Where a cause is removed from a probate court into a court of equity, the proceeding had and the rules and practice that prevail are the general jurisdiction and procedure of the court of equity and the powers conferred by law." *Hamilton v. James,* 231 Ala. 668, 671, 166 So. 425, 427 (1936). However, upon the circuit court's rendition of an order in February 2013 deeming the executrix's accounting sufficient and adequate and that all items of the estate had been accounted for, Leonard initiated the New York action naming the executrix, in her individual capacity, as a party. The New York action was subsequently dismissed by a trial court in that state on the basis that Leonard's claims were barred by the doctrine of res judicata in light of the February 2013

ruling by the circuit court in the estate proceedings. Further, the record of the January 2011 hearing on the executrix's capacity to serve contains evidence indicating that the executrix had prevailed on claims brought during the decedent's lifetime challenging the validity of the power of attorney conferred by the decedent. Given that, under Alabama precedents, exceptions to the general rule barring recovery of attorney fees exist in equity in the presence of "fraud, willful negligence or malice," *Reynolds v. First Alabama Bank of Montgomery, N.A.,* 471 So.2d 1238, 1243 (Ala.1985), the circuit court in this case had the authority to deem Leonard responsible for unnecessarily relitigating in the New York action matters that had previously been decided and/or that could have been decided in previous Alabama proceedings.[1] *See also Ex parte Carpenter,* 510 So.2d 549, 549 (Ala.1987) (existence of common fund not prerequisite to award of attorney fees; fee award may be derived from another source).

 Although we conclude that the circuit court had the discretion to award an attorney fee of some amount to the executrix out of Leonard's distributive share, we agree with Leonard that that court did not have before it evidence that would have supported the particular amount of the award stated in its judgment. It is well settled that "[a]pplicants for an attorney fee bear the burden of ... documenting ... appropriately expended hours" of time spent rendering legal services, *City of Birmingham v. Horn,* 810 So.2d 667, 682 (Ala. 2001), and we cannot conclude from the executrix's bare testimony of having expended $10,000 of her own funds in de-

1. Leonard, for the first time in her reply brief, asserts that the judgment of dismissal in the New York action without any award of fees precludes an award of attorney fees by an Alabama court; however, an argument may not properly be raised for the first time in an appellant's reply brief, *Cousins v. McNeel,* 96 So.3d 846, 857 (Ala.Civ.App.2012), and, thus, we will not consider that argument.

fense of the New York action that the circuit court's award of $10,546.78 "allow[s] for meaningful review by articulating the decisions made, the reasons supporting those decisions, and the performance of the attorney-fee calculation" (*id.*). The judgment of the circuit court is, therefore, affirmed except insofar as it awarded an attorney fee of $10,546.78 to the executrix; that aspect of the judgment under review is reversed, and the cause is hereby remanded to the circuit court for the entry of a judgment in accordance with the principles stated herein.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

THOMPSON, P.J., and THOMAS and DONALDSON, JJ., concur.

MOORE, J., concurs in the result, without writing.